UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAMAR FLORENCE

        Petitioner,

-v-

EDWIN G. VOORHIES, JR., Warden,
Southern Ohio Correctional Facility,

        Respondent.

Case No. C-3:07-cv-152

Judge Thomas M. Rose
Magistrate Judge Sharon L. Ovington

---

**ENTRY AND ORDER OVERRULING FLORENCE'S OBJECTIONS (Doc. #20) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17) IN ITS ENTIRETY; DISMISSING FLORENCE'S PETITION FOR A WRIT OF HABEAS CORPUS WITH PREJUDICE; DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY; AND TERMINATING THIS CASE**

---

        This matter comes before the Court pursuant to pro se Petitioner Lamar Florence's ("Florence's") Objections to Magistrate Judge Sharon L. Ovington's Report and Recommendations. The Report and Recommendations was entered on March 29, 2010. (Doc. #17.) On April 19, 2010, attorney Charles W. Slicer, III filed objections on Florence's behalf. (Doc. #20.) The time has run and the Warden has not filed a response. Florence's Objections are, therefore, ripe for decision.

        As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Upon said review, the Court finds that Florence's Objections to the Magistrate Judge's Report and Recommendations are not well-taken, and they are hereby OVERRULED. The Magistrate Judge's Report and

Recommendations is adopted in its entirety.

Florence's original Petition for a Writ of Habeas Corpus, filed pro se, set forth two grounds for relief. In his amended Petition, Florence added five additional grounds for relief. The First Ground for Relief in Florence's original Petition for deprivation of his "absolute" right to procedural due process is dismissed because it has been procedurally defaulted and waived and because it is not cognizable on habeas review. The Second Ground for Relief in the original Petition for ineffective assistance of appellate counsel is dismissed because it was procedurally defaulted and on the merits.

The First Ground for Relief in Florence's Amended Petition for a Writ of Habeas Corpus for violation of due process rights is denied on the merits. The Second and Third Grounds for Relief in the Amended Petition for violation of due process and ineffective assistance of trial counsel are dismissed because they are non-cognizable and procedurally defaulted and because they do not raise constitutional concerns. The Fourth Ground for Relief in the Amended Petition for violation of the right to confront witnesses and the right to due process is dismissed due to procedural default and on the merits. Finally, the Fifth Ground for Relief in the Amended Petition for ineffective assistance of appellate counsel is dismissed because it is procedurally defaulted and on the merits.

Florence's Petition for a Writ of Habeas Corpus (doc. #2) and his Amended Petition for a Writ of Habeas Corpus (doc. #14) are dismissed with prejudice. Because reasonable jurists would not disagree with these conclusions and appeal would be objectively frivolous, Florence is denied leave to appeal *in forma pauperis* and any requested certificate of appealability. Finally, The captioned cause is hereby ordered terminated upon the docket records of the United States

District Court for the Southern District of Ohio, Western Division, at Dayton.

    **DONE** and **ORDERED** in Dayton, Ohio, this Eleventh Day of May, 2010.

                                                **s/Thomas M. Rose**

                                    _____
                                                 THOMAS M. ROSE
                                    UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Lamar Florence at his last address of record